UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE #058 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:24-cv-00025 |
| | ) | |
| WILLIAM B. LEE, Governor of the | ) | |
| State of Tennessee, and | ) | |
| DAVID B. RAUSCH, Director of the | ) | |
| Tennessee Bureau of Investigation, in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed an Unopposed Motion for Preliminary Injunction (Doc. No. 8), prohibiting Defendants and their agents from:

1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (T.C.A. § 40-39-201 et seq.) against Plaintiff;

2) Requiring Plaintiff to comply with any portion of SORA; and

3) Publishing Plaintiff's information on the sex offender registry.

Defendants do not oppose the motion but maintain that SORA does not violate the Ex Post Facto Clause. Defendants accept that Does #1-5 v. Snyder, 834 F.3d 696, 699 (6th Cir. 2016) is controlling precedent concluding that SORA violates the Ex Post Facto Clause. See Craig v. Lee, No. 3:22-CV-00181, 2023 WL 2505896, at *2 (M.D. Tenn. Mar. 14, 2023) (collecting cases granting preliminary injunctions); Does #1-9 v. Lee, No. 3:21-CV-00590, 2023 WL 2335639, at *19 (M.D. Tenn. Mar. 2, 2023); Doe #11 v. Lee, 609 F.Supp.3d 578 (M.D. Tenn. 2022). This

Court has previously granted similar motions without opposition from Defendants. *E.g.* McGhee v Lee et al., U.S. Middle District of Tenn. Case No. 3:23-cv-311, Dkt. No. 15.

Based on the record as a whole, the motion is **GRANTED**. The Court finds:

1) Plaintiff has demonstrated that he is likely to succeed on the merits of his Ex Post Facto Clause claim with respect to the retroactive requirements of SORA;

2) Plaintiff has demonstrated that he will suffer immediate and irreparable injury if injunctive relief is not granted pending trial;

3) Injunctive relief would not cause substantial harm to Defendants or any specifically identified third parties; and

4) The public interest will not be harmed by injunctive relief pending trial.

Pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from the following:

1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA"), (Tenn. Code Ann. §§ 40-39-201 to 40-39-218), against Plaintiff;

2) Requiring Plaintiff to comply with any portion of SORA; and

3) Publishing Plaintiff's information on the sex offender registry.

Defendants shall provide notice of this Order to their officers, directors, agents, servants, representatives, attorneys, employees, and affiliates, and those persons in active concert or participation with them. Defendants shall take whatever means necessary to ensure proper compliance with this Order. The Court further finds that Defendants are unlikely to incur more

than minimal costs in complying with this preliminary injunction, so no bond is required.

Defendants believe that nothing in this Order shall be taken to suggest that Defendants have conceded any particular litigation position in the future or have waived any right to defend any aspect of this case beyond this preliminary injunction.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE